Robert M. Farris-Olsen, Bar # 11937
Scott L. Peterson, Bar # 11996
Morrison, Sherwood, Wilson and
Deola, PLLP
P.O. Box 557
Helena, MT 59624
Attorneys for the Debtor
P (406) 442-3261
F (866) 443-7294
rfolsen@mswdlaw.com
speterson@mswdlaw.com

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF MONTANA

| | | |
|---|---|---|
| In Re | ) | Cause No: 16-60171 |
| JAMES HOWARD PACE, | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| | ) | |

## DEBTOR'S FIRST CHAPTER 13 PLAN DATED 3/21/16

1. The future earnings and other income of the debtor is submitted to the supervision and control of the Chapter 13 Standing Trustee as necessary for the execution of this plan as follows:

   (a) **Debtor shall pay to the Trustee the sum of $750 each month for 60 months or until.  Plan payments will total $45,000 or until all provisions of this Plan have been completed. Debtor shall make the monthly payments directly to the trustee using the TFS system.**

2. From the payments so received, the Trustee shall make disbursements as follows:

(a) Administrative Claims. In advance of all other claims, the Trustee shall pay those claims, fees or charges specified in 11 U.S.C. § 507(a)(1), including the debtor's attorney fees and costs in such amount as may be allowed by the court. As of the date of this plan, Debtor's counsel estimates that total attorney fees and costs for representation of Debtor (excluding the fee for filing the Debtor's petition) will be as follows:

| | | |
|---|---|---|
| Estimated total attorney fees: | | $ 2,800.00* |
| Estimated total costs: | + | $ 500.00 |
| Total estimated attorney fees and costs: | = | $ 3,300.00 |
| Less retainer: | – | $ 1,500.00 |

TOTAL FEES AND COSTS TO BE PAID THROUGH PLAN:      $ 1,800.00

\* If this figure differs from the Disclosure of Compensation originally filed by the Debtor's attorney, said Disclosure must be amended simultaneously with the filing of this plan or amended plan, as provided in F.R.B.P. 2016(b).

(b) Impaired Secured Claims. After payments provided for above, the Trustee shall pay allowed secured claims, as determined pursuant to 11 U.S.C. § 506(a), together with interest at the rate prescribed below from the date of confirmation, on a pro rata basis, as follows:

| Name of Creditor | Claim Number | Allowed Secured Claim* | Rate of Interest |
|---|---|---|---|
| Valley Bank** | None Filed | $18,000 | 3.75% |
| One Main Financial*** | None Filed | $0 | 0% |
| Capital 1/Yamaha | None Filed | $4,500 | 3.75% |

[* This figure is the lesser of the total amount of the debt owing to the creditor or the value of the collateral securing the debt.]

** This debt is secured by both the 2011 Dodge Ram and the 2009 Ford Flex. As noted below, Debtor will surrender the 2009 Ford Flex.

*** This debt is wholly unsecured and OneMain shall be treated as an unsecured creditor under the plan.

Secured creditors shall retain their liens until their allowed secured claims have been paid in full, together with interest.  In order for any unsecured deficiency to be allowed and paid, a proof of claim must be filed pursuant to Montana's Local Bankruptcy Rules.

(c) Unimpaired Secured Claims. The following secured creditors, whose claims will be left unimpaired by this plan, are not provided for by this plan and shall receive no payments through the trustee except with regard to those arrearages specified below, if any:

| Name of Creditor | Claim No. | Description of Collateral |
|---|---|---|
| U.S. Bank Home Mortgage | Un-Filed | Home |

Concurrently with the payments on impaired secured claims specified above, the following arrearages on unimpaired secured claims, if any, shall be paid through the Trustee on a pro rata basis until the same have been paid in full:

| Name of Creditor | Amount of Arrearage |
|---|---|
| U.S. Bank Home Mortgage (Mortgage) | $9,896.28 (as of 1/19/2016) |

Upon completion of the Plan, all prepetition arrearages provided for by this plan shall be deemed current.

(d) DOMESTIC SUPPORT OBLIGATIONS.  After the payments provided for above, the Trustee shall pay all allowed prepetition domestic support obligations.  Such allowed claims for prepetition domestic support obligations shall be paid in full under this Plan, without interest (unless otherwise provided).

| Creditor | Complete Address | Claim Amount |
|---|---|---|
| NONE | | |

(e) PRIORITY CLAIMS.  After the payments provided for above, the Trustee shall pay allowed claims entitled to priority in such order as specified in 11 U.S.C. § 507.

(f) GENERAL UNSECURED CLAIMS.  After the payments provided for above, the Trustee shall pay dividends, to the extent possible, to allowed unsecured, non-priority claims on a pro rata basis.

(g) LIQUIDATION ANALYSIS. The total amount distributed under paragraphs 2.(d), (e) and (f) will be at least **$1095**

which is more than or equal to what would be available to pay unsecured claims if the debtors' estate was liquidated under Chapter 7 of the Bankruptcy Code.  The estimated liquidation value of the Debtors' estate is **$200**; a discharge will not be entered by the Court until said sum has been distributed, or until all allowed unsecured claims have been paid in full, whichever is less.

3.  REJECTION OF CONTRACTS OR LEASES. The debtor(s) rejects the following executory contracts and unexpired leases, and shall surrender property subject to such contracts or leases:

**Type of Agreement**                   **Date of Agreement**                   **Other Party to Contract**

**NONE**

4.  SURRENDER OF PROPERTY.  The Debtor(s) surrenders any and all interest in the following described collateral to the stated secured creditor in full satisfaction of the creditor's allowed secured claim.  In order for any unsecured deficiency to be allowed and paid under this Plan, a proof of claim must be filed pursuant to Montana's Local Bankruptcy Rules.

**Secured Creditor**                            **Description of Collateral**

**Valley Bank**                                 **2009 Ford Flex**

5.  POSTPETITION SECURED DEBT:  The Debtor(s) reserve the right to incur postpetition secured debts, upon prior written approval of the Trustee, for items necessary to debtor(s) performance under this plan.

6.  REPORT OF CHANGES IN INCOME:  The Debtor(s) shall commit all projected disposable income to the Plan for the applicable commitment period and shall immediately report any changes in income in excess of $300 per month to the Trustee.

7.  OTHER PROVISIONS

**AUTOMATIC STAY**

The Automatic Stay will remain in effect as to the Debtor and the Debtor's property during the pendency of the Debtor's chapter 13 plan unless ordered otherwise by the Court.

**NON-MONETARY DEFAULTS**

Confirmation of this plan will act as a cure of all prepetition, non-monetary defaults with respect to all creditors.

8.  DECLARATIONS:  Under penalty of perjury, Debtor(s) affirms that all federal and state income, employment and other tax returns due as of the date of this plan have been filed with the appropriate agency, or will be within the time limits set forth in 11 U.S.C. § 1308, and that all postpetition payments due on all domestic support obligations have been paid through the date of this Plan.

9.  EFFECTS OF CONFIRMATION:  Upon confirmation of this plan, all issues that have been or could have been decided involving any creditors are *res judicata*, and Debtor(s) reserves all rights under applicable federal and state law with regard to those issues, including rights under 11 U.S.C. § 524(i).  Debtor(s) specifically reserves all rights under 11 U.S.C. § 524(i), including the right to ensure that all postpetition mortgage payments be applied and credited to Debtor's mortgage account as if the account were current and no prepetition default existed.

10.  PREVIOUS BANKRUPTCIES, AND DISCHARGE:  (Check one)

☐       Debtor(s) is not eligible for a discharge of debts because the debtor(s) has previously received a discharge described in 11 U.S.C. § 1328(f).

X       Under penalty of perjury, Debtor(s) declares that he/she has not received a discharge in a previous bankruptcy case that would cause him/her to be ineligible to receive a discharge in the above-entitled case under 11 U.S.C. § 1328(f).

11. <u>INCOME TAX REFUNDS:</u>  (Check one)

☐     Debtor(s) projects no income tax refunds during the term of this plan.  As a result, no income tax refunds will be turned over to the trustee.

**X**     Debtor(s) projects income tax refunds during the term of this plan.  During the applicable commitment period of the plan, as defined in 11 U.S.C. § 1325(b)(4), Debtor(s) will turn over to the trustee all net income tax refunds.

     Debtor(s) projects income tax refunds during the term of this plan, and such tax refunds are included in the Debtor's budget.

DATED THIS 21st Day of March, 2016.

   **/s/ James Howard Pace**

_____

   **James Howard Pace**
   *Debtor*

<u>**CERTIFICATE OF MAILING**</u>

     I, the undersigned, Robert M. Farris-Olsen, do hereby certify under penalty of perjury that a copy of the within and foregoing Debtors' First Chapter 13 Plan Dated this 21st day of March, 2016, was sent by first class mail postage prepaid on the 22nd day of March, 2016, at Helena, Montana, and directed to the following:

ARS NATIONAL SERVICES INC
PO BOX 469100
ESCONDIDO, CA  92046

ATLANTIC CREDIT & FINANCE INC
PO BOX 11887
BOANOKE, VA  24022

CAP1/YMAHA
26525 N RIVERWOODS BLVD
METTAWA, IL 60045

CAPITAL ONE BANK USA N
15000 CAPITAL ONE DR
RICHMOND, VA 23238

CBNA
PO BOX 6497
SIOUX FALLS, SD 57117

CLIENT SERVICES
3451 HARRY S TRUMAN BLVD
SAINT CHARLES, MO  63301

CREDIT COLLECTION SERVICES
725 CANTON STREET
NORWOOD, MA  02062

CREDIT ONE
PO BOX 60500
CITY OF INDUSTRY, CA  91716

CREDIT ONE BANK NA
PO BOX 98875
LAS VEGAS, NV 89193

CSO FINANCIAL INC
PO BOX 1666
ROSEBURG, OR 97470

DISH
PO BOX 7203
PASADENA, CA  91109-7303

DISH
PO BOX 94063
PALATINE, IL  60094-4063

FARM BUREAU
PO BOX 1348
LARAMIE, WY  82073

FMA ALLIANCE
PO BOX 65
HOUSTON, TX  77001

GLA COLLECTION CO INC
2630 GLEESON LN
LOUISVILLE, KY 40299

HUNTER WARFIELD
4620 WOODLAND CORPORATE
TAMPA, FL 33614

IC SYSTEM
PO BOX 64437
ST. PAUL, MN  55164-0437

IC SYSTEM
PO BOX 64378
ST. PAUL, MN  55164-0378

IRS
DEPARTMENT OF TREASURY
AUSTIN, TX  73301-0030

JAVIER MANUEL PACE
118 WOODWORTH AVE
MISSOULA, MT

LES SCHWAB TIRE CENTER
PO BOX 5350
BEND, OR 97708

MIDLAND CREDIT
MANAGEMENT
2365 NORTHSIDE DRIVE,
SUITE 300
SAN DIEGO, CA  92108

NAVY FEDERAL CR UNION
PO BOX 3700
MERRIFIELD, VA 22119

NAVY FEDERAL CREDIT
UNION
PO BOX 3502
MERRIFIELD, VA  22119

ONE MAIN
3215 DREDGE DRIVE STE C
HELENA, MT  59602

ONEMAIN
PO BOX 499
HANOVER, MD 21076

PORTFOLIO RECOVERY ASS
120 CORPORATE BLVD STE 1
NORFOLK, VA 23502

US BANK HOME MORTGAGE
4801 FREDERICA ST
OWENSBORO, KY 42301

VALLEY BANK
3030 N MONTANA
AVE
HELENA, MT 59601

VALLEY BANK
PO BOX 5269
HELENA, MT  59604

VERIZON
PO BOX 4005
ACWORTH, GA
30101

VERIZON WIRELESS
PO BOX 49
LAKELAND, FL 33802

VERIZON WIRELESS
PO BOX 660108
DALLAS, TX  75266

WFDS
PO BOX 1697
WINTERVILLE, NC
28590

    /s/ Robert M. Farris-Olsen
    Robert M. Farris-Olsen, Esq.